IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                     Case No. 22-10032-JWB

JAMES WILLIAMS ROBERTS,

      Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on Defendant's motion to review the magistrate judge's order of detention.[1] (Doc. 12.) The court held a hearing on June 8, 2022. Defendant's motion is DENIED for the reasons herein.

### I. Background Facts and Procedural History

At the hearing, the government made a proffer concerning the events that led up to Defendant's charge under 18 U.S.C. § 922(g)(1) in this case. A short recitation of the alleged facts surrounding the charge and Defendant's criminal history is necessary here.

According to the pretrial services report, Defendant's criminal history includes a conviction of felony criminal trespass on a residence which occurred on May 25, 2005. As a result of this conviction, Defendant was placed on probation. While on probation, on May 28, 2008, Defendant was charged and convicted of kidnapping and two counts of burglary. Defendant was sentenced to ten and a half years on the kidnapping count and sentenced to five years of probation on the burglary counts, which was to be served upon discharge of his prison sentence. Defendant was released from custody on March 14, 2017, and his probation was discharged on May 17, 2019.

---

[1] Although Defendant's motion is titled as a motion for review, the motion is properly construed as a motion to revoke the magistrate's order of detention under 18 U.S.C. § 3145(b).

1

In April 2022, Arizona law enforcement began an investigation after an anonymous source reported that an image containing Defendant and a nude minor victim (MV) was sent from Defendant's phone. During that investigation, law enforcement learned that the MV was 15 years old and her reported address was the same address as Defendant. Law enforcement spoke to Defendant's step-mother who reported that she had not seen Defendant and the MV for several months. Approximately two weeks later, after several unsuccessful attempts to contact Defendant, law enforcement spoke with Defendant by phone and learned that Defendant had removed the MV from school several months ago because of her inability to wear a mask. Law enforcement obtained various search warrants for Defendant's iCloud account and location data for Defendant's phone. A review of the iCloud account showed numerous videos and photographs containing the MV and which were described to be child pornography. Some of the videos appeared to have been obtained by hidden cameras. Although the government described what was depicted on the images and videos, the court finds that such description is not necessary for the purpose of this order.

Law enforcement later learned that Defendant owned a Winnebago recreational vehicle (RV). On or about May 10 or 11, the ping data from Defendant's phone revealed Defendant's location to be at an RV park in Augusta, Kansas. Law enforcement located Defendant's RV in Augusta, Kansas. Defendant was not in the RV but the MV was inside. Upon searching the RV, law enforcement located several spy-like cameras and a firearm. The MV's phone was also seized and it contained at least one image allegedly containing child pornography that was created on May 9. Defendant's sister arrived at the scene and both Defendant's sister and the MV reported that the only occupants of the RV were Defendant and the MV. At some point, Defendant arrived in a white truck. Defendant did not exit the truck and law enforcement told Defendant that he was

under arrest.  Instead of exiting the truck, Defendant fled the area and was not located until the next day.  At the time of his arrest, officers located a cellular phone that had been wiped of its data.

On May 12, Defendant was charged by way of complaint with one violation of 18 U.S.C. § 922(g)(1). (Doc. 1.)  On May 17, the grand jury returned an indictment charging Defendant with a violation of § 922(g)(1).  (Doc. 5.)  On May 18, Magistrate Judge Birzer granted the government's motion for detention and ordered Defendant to remain in custody.  On May 31, Defendant appeared before the undersigned after he requested new counsel. (Docs. 8, 11.)  The court denied the motion.  On that same date, Defendant moved for review of the detention order.

On June 6, a complaint was filed in the District of Arizona charging Defendant with three counts of production of child pornography.  A warrant was issued for his arrest.  On June 8, a hearing was held on this motion.  Both the government and Defendant offered evidence by proffer.

**II.     Legal Standard**

Pursuant to 18 U.S.C. § 3145(b), Defendant may seek review of a magistrate judge's order of detention.  The district court's review of a magistrate judge's detention order is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003).  A de novo evidentiary hearing, however, is not required.  The district court may either "start from scratch" or "incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted." *United States v. Burks,* 141 F. Supp. 2d 1283, 1285 (D. Kan. 2001) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)).  The Federal Rules of Evidence do not apply to detention hearings.  *See* 18 U.S.C. § 3142(f)(2)(B).  The court may allow the parties to present information by proffer or it may insist on direct testimony.  *See id.*

Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will

reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the court must take into account the available information concerning

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence ... or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including-
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

There is no rebuttable presumption of risk of flight or danger to the community in this case. *See* 18 U.S.C. § 3142(e).

### III. Analysis

**A. Nature and Circumstances of the Offense**

This factor requires the court to look at the offense charged in this case. Here, Defendant is charged with being a felon in possession of firearm. In the statute regarding this factor, firearm offenses are specifically called out in § 3142(g)(1) as significant. *See United States v. Vorrice*, 277 F. App'x 762, 764 (10th Cir. 2008). This factor favors detention.

**B. Weight of the Evidence**

4

Based on the government's proffer, the firearm was located after a search of Defendant's RV. There were two witnesses who told law enforcement that Defendant had been in possession of the firearm: the MV and Defendant's sister. Also, law enforcement obtained photographs pursuant to a search warrant which show Defendant driving the RV with the firearm on his hip. As discussed, Defendant has been previously convicted of a felony and served a significant sentence in prison. Therefore, the court finds that the Government has substantial evidence of Defendant's possession of the firearm and his status as a prohibited person. This factor therefore favors detention.

### C. History and Characteristics of Defendant

Defendant does not have significant ties to this community as he has only been in the Wichita area for less than one month. Although his sister lives in the Wichita area, the proffered evidence shows that Defendant came to this area in his RV because he was fleeing a criminal investigation in Arizona which has now resulted in serious charges in Arizona. Defendant is currently unemployed although he asserts that he would be able to find work based on his extensive experience in construction. Defendant's sister is supportive of Defendant and he would be able to live with her or live in his RV on her property.

Looking at Defendant's criminal history, Defendant has previous convictions of kidnapping and burglary and he committed those crimes while on probation for another felony. This indicates that Defendant does not abide by conditions. Moreover, based on the government's proffer, there is evidence that Defendant committed several crimes leading up to the charged conduct in this case including production of child pornography, possession of child pornography, and sexual abuse of a minor. These allegations are egregious and, if proven, would result in convictions the seriousness of which would far eclipse the charge pending in this case. Moreover,

during the hearing which occurred on May 31, Defendant informed the court, while under oath, that he did not recognize the authority of the United States government or the undersigned.

Although Defendant stated that he would abide by any conditions placed on him at the detention hearing, Defendant's prior statement to the court, combined with his recent conduct and criminal history, show that Defendant cannot be trusted to conform his conduct to restrictions placed on him by governmental authorities. This weighs in favor of detention.

### D. Danger to the Community

Before releasing Defendant on any set of conditions, the court must be satisfied that Defendant will not pose a danger to any other person or to the community. The court finds that the government has established by clear and convincing evidence that there are no conditions of release which will ensure the safety of the community. 18 U.S.C. § 3142(f)(2)(B) (facts regarding safety of the community must be supported by clear and convincing evidence).

As stated above, Defendant's criminal history and recent conduct show that Defendant continually fails to abide by the law and comply with law enforcement. After learning that he was under investigation, Defendant fled Arizona with the MV, continued to elude law enforcement by lying about his location when speaking to law enforcement, continued his ongoing abuse of the MV, which included production of child pornography, and, finally, fled from law enforcement after being told he was under arrest. Moreover, there is a real concern that Defendant would be of grave danger to the MV given the substantial evidence of Defendant's past conduct and the government's concern that Defendant would attempt to influence the MV if placed on bond and further obstruct the government's investigation. These facts and circumstances support a finding that Defendant's release would create a danger to the community and, more specifically, the MV.

The court believes Defendant's history and recent criminal conduct demonstrate a very real threat of continued involvement in criminal activity even when Defendant is on bond and a risk of grave danger to the MV. There are no conditions that will assure his compliance and the safety of the community.

**IV.    Conclusion**

Based upon the court's de novo review of the record and the evidence at the hearing, the court concludes that there are no set of conditions of release which will reasonably assure Defendant's appearance and protect the community from the danger of the unlawful possession of firearms and other criminal activity.

Defendant's motion is DENIED. (Doc. 12.)

IT IS SO ORDERED this 8th day of June 2022.

\_\_\_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE