IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                       Case No.  22-10032-JWB

JAMES WILLIAMS ROBERTS,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion to compel the government to elect. (Doc. 23.)  The motion has been fully briefed and is ripe for decision.  (Doc. 26.)  The motion is DENIED for the reasons stated herein.

## I.  Analysis

Defendant James Roberts was charged in a superseding indictment with one count of unlawful transportation and possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  (Doc. 16.)  The charge set forth in the superseding indictment is as follows:

> That on or about May 11, 2022, in the District of Kansas, the defendant, JAMES WILLIAMS ROBERTS, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly transported a firearm, to-wit: a Ruger LCP, .380 handgun, serial number 376-58617, in interstate commerce, and possessed in and affecting commerce, a firearm, to-wit: a Ruger LCP, .380 handgun, serial number 376-58617, which was not produced in the state of Kansas and had been shipped and transported in interstate commerce. In violation of Title 18, United States Code, Section 922(g)(1).

(Doc. 16 at 1.)

Defendant argues that the indictment is duplicitous as it charges him with two offenses, both unlawful transportation and unlawful possession.  In support of his argument, Defendant

generally cites to authority regarding duplicity, but does not identify any authority relevant to this particular issue.  Defendant argues that the court should order the government to elect which offense it will pursue at trial.  In response, the government contends that the indictment merely charges alternative means in the conjunctive and does not present a duplicitous charge.

"Duplicity is defined as the joinder of two or more distinct and separate offenses in the same count of an indictment." *United States v. Miller*, 891 F.3d 1220, 1229 (10th Cir. 2018).  This may present a danger that the jury could convict a defendant without reaching a unanimous agreement on "which charge is the basis for the conviction." *United States v. Schneider*, 594 F.3d 1219, 1228 (10th Cir. 2010).

Although the Tenth Circuit has not spoken on this issue with respect to § 922(g), this court has previously held that § 922(g) lists alternate means to commit the offense set forth therein and that charging two possible means in the conjunctive is not duplicitous.  *See United States v. Love*, No. 96–40004–01–SAC, 1996 WL 455024 (D. Kan. Jul.11, 1996); *United States v. Boyd*, 52 F. Supp. 2d 1233, 1239 (D. Kan. 1999), *aff'd*, 211 F.3d 1279 (10th Cir. 2000)[1].  In *Love*, the defendant was charged with both unlawful receipt and unlawful possession of a firearm. The defendant argued that the indictment was duplicitous.  Judge Crow extensively reviewed the statute and relevant authority and ultimately rejected the argument.  Based on the statutory language, § 922(g)(1) makes it unlawful for a felon to ship, transport, receive, or possess a firearm in interstate commerce.  The various means of violating § 922(g)(1) are not separate offenses but "each is an alternative way to violate the statute." *Love*, 1996 WL 455024, * 2 (quoting *United States v. Wiley*, 979 F.2d 365, 368 (5th Cir. 1992)); *see also United States v. Parrish*, 925 F.2d 1293, 1297 (10th

---

[1] The Tenth Circuit did not address this issue in Boyd's appeal.

Cir. 1991) (holding that a "crime denounced in the statute disjunctively may be alleged in an indictment in the conjunctive, and thereafter proven in the disjunctive.")

Therefore, count 1 of the superseding indictment is not duplicitous and it properly alleges in the conjunctive the alternative means of committing a § 922(g) offense. *See Wiley*, 979 F.2d at 368 (holding that an indictment charging both transportation and possession under § 922(g) in a single count was not improper).

## II.    Conclusion

Defendant's motion to compel the government to elect (Doc. 23) is DENIED.

IT IS SO ORDERED.  Dated this 13th day of September 2022.

  s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE